**Berdelle SCHMIDKUNZ, Plaintiff–Appellant,**

**v.**

**SCANDINAVIAN AIRLINES SYSTEM, Kingdom of Denmark and Copenhagen Airports Authority, Defendants–Appellees.**

**No. 77–3833.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1979.

Decided Aug. 15, 1980.

---

**1206**

Gilbert A. Thomas, Tustin, Cal., for plaintiff–appellant.

David S. MacCuish, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for defendants–appellees.

Before CHAMBERS and TANG, Circuit Judges, and ORRICK,* District Judge.

CHAMBERS, Circuit Judge.

Appellant Schmidkunz sued the Kingdom of Denmark, the Copenhagen Airports Authority, and Scandinavian Airlines System (SAS), in the Central District of California. The Airports Authority is an agency of the Kingdom of Denmark. SAS is a foreign consortium with its principal place of business in Stockholm, Sweden. Her complaint alleged negligence in the operation and maintenance of a moving walkway in the area of the passenger terminal at the Kastrup Airport at Copenhagen, which is operated by the Airports Authority. She had debarked from an airliner from the United States and was in the terminal awaiting a departure on an SAS airliner for the remainder of her trip.

The district judge dismissed Denmark and the Airports Authority for lack of personal jurisdiction, holding that appellant's service of a tourism representative at the Scandinavian National Tourist Office in Los Angeles was insufficient. The district judge thereafter granted summary judgment in favor of SAS, holding that it owed appellant no duty of care with respect to

---

* The Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

the operation or maintenance of the walkway.

We shall discuss the dismissal of Denmark and CAA first. The motion to dismiss was supported by a detailed affidavit of the manager of the tourism office, stating that it is a joint effort of Denmark, Sweden, Norway, Finland and Iceland, and operates as a part of the embassy diplomatic missions in Los Angeles staffed by an employee (having diplomatic status) of each of the five countries except Iceland. Its purpose is to promote tourism and serve as a liaison with local tourist agencies, travel writers, tour operators, etc. The office sells nothing, receives no commissions, promotes no income, makes no reservations, organizes no tours, and "other than irregular and infrequent magazine advertisements, we engage in no commercial activity whatsoever."

The motion was also supported by an affidavit of the Director of the Copenhagen Airports Authority describing its operations. The Authority "has no officers, agents or employees and makes no sales or purchases outside Denmark . . . does not conduct or engage in any advertising or public relations activities outside Denmark [and] . . . has no sources of revenue from outside Denmark."

 Appellant struggles to present theories that would justify service on the tourism office, but given the very attenuated nature of Denmark's activities in the Central District and the absence of any activity there by the Airports Authority, the district court properly found that there could be no general in personam jurisdiction over those defendants. Similarly, the fact that the alleged tortious activity occurred in Copenhagen would rule out any claim of specific in personam jurisdiction. See *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977). Denmark and the Airports Authority were properly dismissed as parties defendant in this litigation.

 The order for summary judgment in favor of Scandinavian Airlines System

was also proper. Appellant asserts that SAS was liable under the Warsaw Convention, but liability for damages under Article 17 of that Convention applies only if the accident takes place on board an aircraft or in the course of the "operations of embarking or disembarking." 49 Stat. 300 (1934), as modified by the Montreal Agreement, 31 Fed.Reg. 7302 (1966). Whether a passenger is embarking or disembarking is a question of federal law to be decided on the facts of each case. *Maugnie v. Compagnie Nationale Air France*, 549 F.2d 1256 (9th Cir. 1977).[1] In *Maugnie* the court held that the plaintiff was not in the process of "disembarking" when she had proceeded through a boarding lounge to the common passenger corridor and was not acting under the direction of the carrier's personnel at the time she slipped and fell. 549 F.2d at 1262. Appellant had left the airplane on which she had arrived in Copenhagen, had walked not closer than approximately 500 yards from the boarding gate to the SAS airliner that she was to take, and was still within the common passenger area of the terminal. She had not received her SAS boarding pass, was not imminently preparing to board the plane, and was not at that time under the direction of SAS personnel. The "disembarking" rule of *Maugnie*, applied to the "embarking" claim in this case, rules out any reliance on Article 17.

Appellant's final argument was that she alleged in her complaint that an SAS employee advised her that the walkway was safe. In its motion for summary judgment SAS drew attention to a portion of a deposition of the appellant in which she stated that she had no knowledge who the woman was who so instructed her. She was unable to describe the woman as an employee of SAS. Appellant now argues that the woman "may have been" an SAS employee. This is insufficient. SAS was not required to go to trial fighting this sort of enigma. We might possibly have been persuaded otherwise had appellant presented any evidence of interference with traditional discovery procedures to determine the identity

1. Cert. denied 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977).

of the unknown woman. This record discloses no attempt at discovery by appellant, much less interference with it by appellee.

On this record we cannot say that there was error in the district court's order granting summary judgment in favor of SAS.

Affirmed.