# CARIBBEAN INTER–TRADE CORP., Plaintiff

## v.

# EASTERN AIRLINES, INC., Defendant

Civil No. 14/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 30, 1984

JOSEPH BRUCE WM. ARELLANO, ESQ., (CAMPBELL & ARELLANO), St. Thomas, V.I., *for plaintiff*

ALEXANDER A. FARRELLY, ESQ., (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION

This matter is before the Court on defendant Eastern Airlines' motion to disallow prejudgment interest and on plaintiff Caribbean Inter-Trade's motion for costs and attorney's fees. Both parties have filed strenuous objections to the other's motion. For the reasons set forth below, each of the parties' motion will be granted.

## I. FACTS

The plaintiff shipped goods consisting of handbags and leather products in three packages from Milan, Italy, with final destination being St. Thomas, Virgin Islands. The goods arrived in Boston, Massachusetts, via Swissair on October 14, 1979, and were subsequently transshipped via Eastern Airlines to St. Thomas. The packages arrived separately—one on one trip and the others on another. Upon arrival in St. Thomas, at least one of the packages was open and some of the contents were discovered missing. No value was declared for the goods on the airway bill. Plaintiff instituted the instant action against the defendant for the value of the damaged goods, for consequential damages, and for restitution. On June 24, 1983, the Court held that the Warsaw Convention, October 12, 1929, 49 Stat. 3000, TS No. 876, 49 U.S.C. 1502 (entered into force for the United States on October 29, 1934), governed the case because international shipment was involved. The Court, in granting partial summary judgment in plaintiff's favor with respect to the issue of liability, indicated that this case was covered by Article 18 of the Warsaw Convention. Therefore, it is subject to the limitations set forth in Article 22(2), which explicitly limits the carrier's liability to the sum of 250 francs per kilogram where, as here, no declared

value has been made. See, Wing Hang Bank Ltd. v. Japan Airlines Co., Ltd., 357 F.Supp. 94 (S.D.N.Y. 1973). The matter was, then, set down for hearing on the issue of damages. After considering all the evidence, the Court announced that it will enter judgment in plaintiff's favor but will take under advisement certain items of damages claimed by the plaintiff, for example, excise duties and shipping costs. Shortly thereafter, the instant motions were filed.

## II. DISCUSSION

### 1. *Prejudgment Interest*

Relying on Domangue v. Eastern Airlines, Inc., 542 F.Supp. 643 (E.D. La. 1982), the defendant contends that "[t]he intent of the parties to [the Warsaw Convention] was to protect the airline industry from bankruptcy by placing a ceiling on the carrier's liability for damages." Further, defendant contends, interest, being an element of damages, is meant to be included within the limitation of 250 francs per kilogram where no declared value has been made. Moreover, defendant contends that "[s]ince the pre-judgment [interest] rule is a local statute, it is preempted by the Warsaw Convention and judicial interpretation placed on it." The Court agrees.

Plaintiff, in its opposition, attempts to distinguish Domangue, supra, from the case at bar by contending that "Domangue was a wrongful death action, and thus brought into play the provisions of subsection (1) of Article 22 of the Warsaw Convention, which concerns the transportation of passengers." Further, it contends that, "the instant case is governed by subsection (2) of the same Article which concerns the transportation of goods and baggage." The plaintiff's attempt at distinguishing Domangue is superficial at best. True, Domangue involves wrongful death while this case involves missing merchandise; however, that is not the issue. Instead, the issue is whether prejudgment interest is at all allowable over and above the specified limitations of Article 22. The Court is of the opinion that it is not.

The explicit language of Article 24 of the Convention states:

(1) In the cases covered by articles 18 and 19 any action for damages, however founded, can only be brought *subject to* the conditions and limits set out in this convention. (Emphasis added.)

Plaintiff cites, as authority, Boehringer Mannheim Diagnostics, Inc. v. Pan Am World Airways, Inc., 531 F.Supp. 344 (S.D. Tex. 1981),

for an award of prejudgment interest over and above the 250 francs per kilogram limitation of Article 22(2). While that case does stand for plaintiff's proposition, the Court is not persuaded by it. First, "it is fundamental that a treaty, whether construed strictly or liberally, should be interpreted to effectuate its evident purposes." Reed v. Wiser, 555 F.2d 1079, 1088 (2d Cir. 1977), cert. denied, 434 U.S. 922.

> It is beyond dispute that the purpose of the liability limitation prescribed by Article 22 was to fix at a definite level the cost to airlines of damages sustained by their passengers and of insurance to cover such damages. As Secretary of State Cordell Hull wrote transmitting the Convention to the Senate in 1934:
> "It is believed that the principle of limitation of liability will not only be beneficial to passengers and *shippers* as affording a more definite basis of recovery and as tending to lessen litigation, but that it will prove to be an aid in the development of international air transportation, as such limitation will afford the carrier a more definite basis on which to obtain insurance rates, with the probable result that there would eventually be a reduction of operating expenses for the carrier and advantages to travelers and shippers in the way of reduced transportation charges." (Emphasis added.)

Id. at 1089. Additionally, "[a]nother fundamental purpose of the signatories to the Warsaw Convention . . . was their desire to establish a uniform body of world-wide liability rules to govern international aviation, which would supersede with respect to international flights the scores of differing domestic laws . . . of each of the countries involved." Id. at 1090. It is, therefore, evident that Boehringer Mannheim Diagnostics, Inc., supra, is at odds with the purposes of the Convention to the extent that it holds that prejudgment interest is allowable above and beyond the limitations of Article 22(2). Accordingly, the Court will grant defendant's motion to disallow prejudgment interest as the application of our local prejudgment interest statute "necessarily conflicts with the congressional scheme." In Re Aircrash in Bali, Indonesia on April 22, 1974, 684 F.2d 1301, 1308 (9th Cir. 1982). Needless to say, plaintiff's claim for excise duties and costs of shipment, which the Court took under advisement, must also be disallowed.

### 2. *Attorney's Fees and Costs*

█ With respect to plaintiff's motion for an award of attorney's fees, the Court is of the opinion that the Warsaw Convention does not

preempt state law in this regard. See, Boehringer Mannheim Diagnostics, supra, at 354. Indeed, the defendant's opposition to an award of attorney's fees is not premised on preemption grounds but, rather, on the ground that the amount of hours claimed are unnecessary and unreasonable. With this the Court agrees. Accordingly, the Court shall grant plaintiff's motion for costs and attorney's fees but shall make the necessary adjustments and award a figure which it deems reasonable for prosecution of this case.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby

ORDERED that defendant's motion to disallow prejudgment interest is GRANTED; and it is further

ORDERED that plaintiff's motion for an award of costs and attorney's fees is GRANTED subject to the Court's determination as to what amount should be awarded, pursuant to 5 V.I.C. §§ 541(b) and 543, as a reasonable fee for prosecution of this case.