**EDWARD L. KALIK ENTERPRISES, LTD., d/b/a INVESTIGATIONS UNLIMITED, Plaintiff**

**v.**

**SOFARELLI ASSOCIATES, INC., Defendant**

Civil No. 554/84

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

January 8, 1985

JEFFREY L. RESNICK, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the court upon the motion of plaintiff, Edward L. Kalik Enterprises, Ltd., d/b/a Investigations Unlimited, for summary judgment. For the reasons set forth below, the motion will be granted.

## FACTS

On March 1, 1983, plaintiff and defendant, Sofarelli Associates, Inc., entered into an agreement wherein plaintiff agreed to furnish security guard services to defendant and defendant agreed to pay a fixed rate for such services. Plaintiff subsequently provided security guards at defendant's building site known as the Canebrake Housing Project. The total cost of such services was Two Thousand Eight Hundred Fifty Dollars and Thirty Cents ($2,850.30). Despite numerous demands by plaintiff, defendant has refused to compensate plaintiff for the services rendered.

As a result, plaintiff filed the instant suit. Defendant counterclaims alleging that it incurred damage to its property at the said construction site and further avers that as a result it was unable to perform its obligations under other construction contracts in a timely fashion. This, it claims, was a direct result of plaintiff's failure to properly perform the obligations of the contract on its part to be performed. Hence, defendant alleges, plaintiff is liable for any penalties which may be assessed against defendant under the other contracts.

Plaintiff now moves for summary judgment to recover the $2,850.30.

## DISCUSSION

Rule 56(c) provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■■ The Court's position in a summary judgment motion is to "resolve any doubt as to the existence of a genuine issue of fact against the moving parties." Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981) (quoting Tomalewski v. State Farm Insurance Co., 494 F.2d 882, 884 (3d Cir. 1974). The movant further has the burden of

demonstrating there is "no genuine issue of any material fact." Walker v. Skyclimber, Inc., 571 F. Supp. 1176, 1179 (D.V.I. 1983).

In support of its motion, plaintiff filed an affidavit by Fred Konerding, vice-president and general manager of Investigations Unlimited. In his affidavit, Konerding states that plaintiff and defendant contracted "for the services of armed guards at agreed rates. Such services were supplied at a Sofarelli building site known as Canebrake Housing Project." He asserts further that "there is currently due and owing by Sofarelli Associates, Inc. the sum of $2,850.30 on account." (Affidavit of Fred Konerding at ¶¶ 3, 4).

■ When an issue of fact is supported by an affidavit or other evidence that admits of only one conclusion, the court may not draw an opposite conclusion merely on the basis of unsupported allegations. Chirinos de Alvarez v. Creole Petroleum Corp., 613 F.2d 1240, 1244 (3d Cir. 1980).

Defendant has presented no evidence by affidavit or otherwise, which sets forth specific facts establishing a genuine issue for trial. Rather, it asserts that "[p]laintiff alleged performance of the contract between the parties which was denied by the defendant who additionally counterclaimed for damages arising from plaintiff's negligence and failure to perform." That statement has not placed any of the following material facts before this Court at issue:

(1) there was a contract between plaintiff and defendant for the provision of guard services;
(2) plaintiff provided the guards pursuant to the contract and
(3) defendant refused to pay plaintiff for the services rendered.

■ Accordingly, summary judgment will be entered in favor of plaintiff for the sum of $2,850.30.

## DEFENDANT'S COUNTERCLAIM

Defendant's counterclaim involves the issue of "plaintiff's [alleged] negligence in the selection and employment of guards for defendant's property or the manner of performance of its contract with the defendant or both." (Defendant's counterclaim at ¶ 5).

■ The resolution of the issues presented by plaintiff's motion for summary judgment is not dependent upon a determination of the merits of defendant's counterclaim. Accordingly, the counterclaim will be decided separately.

## CONCLUSION

Based upon the foregoing reasons, plaintiff's motion for summary judgment for recovery of the sum of $2,850.30 is granted.

## JUDGMENT

For the reasons set forth in the Memorandum Opinion on even date herewith, it is

ORDERED, ADJUDGED and DECREED that plaintiff have judgment against defendant on the complaint in the sum of $2,850.30, and it is further

ORDERED that the Court retain jurisdiction of the counterclaim for trial on a date to be fixed.