**TERENCIA MADURO, Plaintiff**
**v.**
**AMERICAN AIRLINES, INC., and EXECUTIVE SERVICES, INC.**
**a/k/a/ AMERICAN EAGLE, Defendants**

Case No. SX-98-CV-580

Superior Court of the Virgin Islands

Division of St. Croix

February 26, 2007

RONALD E. RUSSELL, ESQ., Frederiksted, VI, *Attorney for Plaintiff.*

DARYL C. BARNES, ESQ., Bryant, Barnes, Moss & Beckstedt, LLP, Christiansted, VI, *Attorney For Defendants.*

DONOHUE, *Judge*

**MEMORANDUM OPINION**

(February 26, 2007)

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment. For the reasons cited below, Defendants' motion is DENIED in part and GRANTED in part.

## I. Facts

This action for negligence, breach of contract and discrimination stems from an incident involving an international flight from Aruba, Kingdom of the Netherlands, to St. Croix, United States Virgin Islands. On July 2, 1996, Plaintiff purchased a roundtrip airline ticket from Defendant American Airlines from St. Croix to Aruba with a return date of July 7, 1996. During the course of her return to St. Croix on July 7, 1996, Plaintiff had a scheduled two-hour layover in Puerto Rico. During her layover in Puerto Rico, Plaintiff alleges that she approached the service counter to verify her connecting flight to St. Croix. At that time, the ticket agent took Plaintiff's ticket from her and told her that she would be called to retrieve it. Subsequently, without prior notice, Plaintiff maintains that her original connecting flight to St. Croix was cancelled and she was placed on standby. Plaintiff claims that she pleaded with the ticket agent to allow her to board her originally scheduled flight, but the ticket agent told her to shut up and take a seat, then told Plaintiff she may not be scheduled on any flight that day. On July 6, 1998, Plaintiff filed the instant action seeking relief under territorial law. Plaintiff contends that Defendants were negligent in the manner in which the ticketing agent handled her ticket and as a result she suffered emotional distress. However, Plaintiff does not allege that she sustained any physical injuries as a result of her alleged encounter with the ticket agent. Plaintiff further avers that Defendants breached their implied contractual duty to ensure that their employees conduct themselves in a professional manner; and finally, that Defendants discriminated against her.

On July 7, 2006, Defendants filed their Motion for Summary Judgment. Defendants argue that since this Plaintiff's claims arise out of a transaction that involves international air travel, the Warsaw Convention precludes Plaintiff's cause of action under territorial law. Defendants further argue that the provisions of the Warsaw Convention

235

are an absolute bar from recovery for claims of purely emotional and/or psychological injuries. Finally, Defendants argue that Plaintiff cannot prove her negligence claim, under territorial law, because she does not allege that she suffered physical injury or bodily harm.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure Rule 56(c) provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Kalik Enterprises, Ltd. v. Sofarelli Assoc. Inc.*, 21 V.I. 228 (1985); FED. R. CIV. P. 56(c). The moving party bears the burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). Following such a showing, the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor. *Id.* at 324-325; *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). The non-moving party, however, may not rest on his pleadings, bare assertions, or conclusory allegations, but must set forth specific facts by affidavit or other competent evidence showing there is a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

In deciding a Rule 56 motion, the court must view all inferences in the light most favorable to the non-moving party, *Continental Inc. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir. 1982), and must accept as true all allegations of the non-moving party which conflicts with those of the moving party. *Anderson*, 477 U.S. at 253-254. In addition, all doubts must be resolved in favor of the non-moving party. *Hollinger v. Wagner Mining Equip. Co.*, 667 F.2d 402, 405 (3d Cir. 1981). The evidence need not be in a form that would be admissible at trial. *Celotex*, 477 U.S. at 324. At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

## III. Discussion

### A. Warsaw Convention

■ "The Warsaw Convention is an international treaty designed to unify the signatory nations' laws governing international air transportation." *Caribbean Inter-Trade Corp., v. Eastern Airlines, Inc.*, 20 V.I. 419 (1984).[1] The Warsaw Convention is the short title for the Convention for Unification of Certain Rules Relating to International Transportation By Air, Oct. 12, 1929, 49 Stat. 3000, T.S. 876 (1934) (reprinted in note following 49 U.S.C.A. 40105). The Warsaw Convention governs "all international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention, Art. 1, 49 U.S.C.A. § 40105; *Lufthansa German Airlines v. American Airlines et al.*, 797 F. Supp. 446, 27 V.I. 216 (1992). In 1934, the United States adopted the multinational treaty, and its terms are reprinted at 49 U.S.C. § 40105. Case law makes clear that the Warsaw Convention, being a sovereign treaty, is the supreme law of the land and such preempts local law when applicable.[2] *Trans World Airlines Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 80 L. Ed. 2d 273, 104 S. Ct. 1776 (1984); see also *Lufthansa German Airlines v. American Airlines et al.*, 797 F. Supp. 446, 27 V.I. 216 (1992); *Bianchi v. United States*, 22 Wn. App. 81, 587 P.2d 632, 634 (Wash. App. 1978).

Article 1 of the Warsaw Convention defines the scope of the international treaty and provides in relevant part:

(1) This convention shall apply to all international transportation or persons, baggage, or goods performed by aircraft for hire.

---

[1] St. Croix, U.S. Virgin Islands is an unincorporated territory of The United States of America ("U.S.A"). Puerto Rico is an unincorporated, organized territory of the U.S.A. with commonwealth status. The U. S. A. is a signatory to the Warsaw Convention. Aruba is a self-governing, constituent part of the Kingdom of the Netherlands. The Kingdom of the Netherlands is also a signatory to the Warsaw Convention.

[2] A court has jurisdiction in the international treaty sense under the Warsaw Convention provision regarding choice of forum for action for damages when action is brought under Warsaw Convention in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which contract has been made, or before the court at the place of destination. *Fabiano Shoe Co., Inc. v. Alitalia Airlines*, 380 F. Supp. 1400 (1974); Warsaw Convention, Art. 28(1), 49 U.S.C.A. § 40105 note.

(2) For the purpose of this convention the expression "international transportation" shall mean any transportation in which according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party

(3) Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this convention, to be one undivided transportation, if it has been regarded by the parties as a single operation, whether it has been agreed upon under the form of single contract or of a series of contracts, and it shall not lose its international character merely because one contract or a series of contracts is to be performed entirely within a territory subject to the sovereignty, suzerainty, mandate, or authority of the same High Contracting Party.

## B. Personal Injury Liability under the Warsaw Convention

Defendants argue that Plaintiff's claims for emotional distress, filed under local law, are preempted by Article 17 of the Warsaw Convention. Article 17 of the Convention provides the exclusive remedy to international passengers whose death or bodily injury is caused by an accident on board the aircraft or in the course of any of the operations of embarking or disembarking.[3] *Olympic Airway v. Husain*, 540 U.S. 644, 646 124 S. Ct. 1221, 157 L. Ed. 2d 1146 (2004). Article 17 states in pertinent part that:

> "The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

Warsaw Convention, Art. 17; 49 U.S.C.A. § 40105.

---

[3] The Convention prevents individuals from maintaining a personal injury action under local law when the Warsaw Convention precludes their claim. *El Al Israel v. Tsui Yuan Tseng*, 525 U.S. 155, 164-167, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999).

■ Accordingly, a carrier is liable only when three conditions are met: a passenger suffers (1) bodily injury[4] in; (2) an accident that occurred while; (3) on board, embarking, or disembarking. *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 111 S. Ct. 1489, 113 L. Ed. 2d 569 (1991). The Convention's preemptive effect on local law extends no further than the Convention's own substantive scope. *El Al Israel Airlines, Ltd.*, 525 U.S. 172. A carrier, therefore, is subject to personal injury liability under *local* law for passenger injuries occurring before or after "any of the operations of embarking or disembarking," *Id.*; Warsaw Convention, Art. 17, 49 U.S.C.A. § 40105.

Hence, the question of whether a passenger's injury was sustained "on board the aircraft or in the course of any of the operations of embarking or disembarking," is a threshold determination that triggers the applicability of the Warsaw Convention. This question, "is a question of law to be decided by the court" based on the facts of each case. *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 316 (1st Cir.1995), (interpreting meaning of "embarking" and "disembarking" under Convention); *Acevedo-Reinoso v. Iberia Lineas Aeras De Espana S.A.*, 449 F.3d 7, 11-12 (Puerto Rico 1st Cir. 2006); *Schmidkunz v. Scandanavian Airlines System*, 628 F.2d 1205, 1207 (9th Cir, 1980); *Marotte v. American Airlines, Inc.*, 296 F.3d 1255, 1259 (11th Cir. 2002); *See also Schmidkunz v. Scandinavian Airlines Sys.*, 628 F.2d 1205, 1207 (9th Cir.1980) (same); Warsaw Convention, Art. 1, 49 U.S.C.A. § 40105 note. In this matter, it is undisputed that this Plaintiff was not on board an aircraft when the alleged incident occurred. Thus, to determine if the Warsaw Convention applies, this Court must first determine whether this Plaintiff was, as a matter of law, in the process of embarking or disembarking.

Whether international passengers are "in the course of embarking" (pursuant to the Warsaw Convention) turns on a totality of the circumstances affecting such passengers. *Day v. Transworld Airlines, Inc.*, 393 F. Supp. 217 (S.D.N.Y.1975), *affirmed* 528 F.2d 31, *certiorari denied* 97 S. Ct. 246, 429 U.S. 890, 50 L. Ed. 2d 172, *rehearing denied*

---

[4] *Eastern Airlines Inc. v. Floyd*, 499 U.S. 530, 111 S. Ct. 1489, 113 L. Ed. 2d 569 (citations omitted) (1991), parsed the meaning of the phrase "lésion corporelle" (which it translated from the treaty's original French text as "bodily injury"), and held that the phrase did not encompass "purely psychic" injuries, or mental injuries unaccompanied by physical injury.

97 S. Ct. 1162, 429 U.S. 1124, 51 L. Ed. 2d 574. In determining liability of a carrier under Article 17 of the Convention, for accidental injuries that occurred during the course of embarking or disembarking, three factors are primarily relevant: 1) location of accident; 2) activity in which injured person was engaged and; 3) control by defendant of such injured person at location and during the activity taking place at the time of the accident. *Evangelinos v. Transworld Airlines, Inc.*, 550 F.2d 152, (3d Cir. 1977). In making the aforementioned determinations, this Court is bound by the well-established standard for summary judgment, and as such will proceed with its analysis by examining the facts in the record, in the light most favorable to the non-moving party.

In this matter, it is an undisputed fact that the entire sequence of events occurred in Puerto Rico, on the ground, while Plaintiff was at the ticket counter, inside of the terminal. Even in looking at the facts in the light most favorable to the Plaintiff, there are no facts in the record that indicate that the Plaintiff was boarding an aircraft, close in time or close in physical proximity to boarding an aircraft. In *Rabinowitz v. Scandinavian Airlines*, 741 F. Supp. 441 (S.D.N.Y. 1990), an airline passenger whom, had entered the public area and had a two-hour stop-over before her next departing flight, was injured when her foot was caught on a moving sidewalk while she was on her way to a connecting flight. The injured passenger in *Rabinowitz,* was determined not to be in the course of "embarking or disembarking" within the meaning of the Warsaw Convention; although the passenger was injured within 100 feet of the arriving gate, was within five minutes of embarking and was directed toward the sidewalk by airline personnel. *Id.*

In this matter, considering the totality of the circumstances, this Plaintiff was further removed from embarking on a flight than the Plaintiff in *Rabinowitz.* In this matter, as in *Rabinowitz,* Plaintiff was waiting, during a scheduled two hour layover, in a terminal, on the ground. There are no facts on the record which indicate that the incident occurred while the Plaintiff was on a mechanical device moving her towards an aircraft, walking on the tarmac towards an aircraft, in close proximity to an aircraft, or even in line near the departure gate. Rather, this incident occurred at the *ticketing counter, within the terminal.* Boarding certainly did not seem imminent because Plaintiff was on standby, in a common area, had not been seated, nor checked in. Finally, for the purposes of the Convention, the Plaintiff was not controlled by

the Defendants during the time period that she was within the terminal because this claim has not been made, nor have facts been alleged to support a finding or inference to that end. Thus, for purposes of determining the applicability of the Warsaw Convention, Plaintiff was not embarking an aircraft.

■ Similarly, there are no facts or allegations that support the contention that Plaintiff was disembarking an aircraft. Within the meaning of the Warsaw Convention, disembarking has terminated by the time passenger has "descended from plane, by use of whatever mechanical means have been supplied, and has reached a safe place inside terminal, even though he may remain in status of a passenger of carrier while inside building." *Macdonald v. Air Canada*, 439 F.2d 1402, (1st Cir. 1971). When the instant incident allegedly transpired, Plaintiff had descended from the plane, and was within the terminal for at least a two-hour period.[5] This entire incident occurred after the Plaintiff disembarked from one flight and prior to embarking on a second flight. Accordingly, this Court finds in the instant matter the Warsaw Convention is inapplicable and that local law applies, because Plaintiff was not in the process of embarking or disembarking an international flight for purposes of the Warsaw Convention. Consequently, Plaintiff's claims are not precluded by the Convention and Defendants are not entitled to summary judgment as to this issue.

## C. Negligent Infliction of Emotional Distress

Plaintiff claims that she is entitled to damages for her emotional and psychological injuries due to Defendants' conduct; yet her complaint does not explicitly make a claim for intentional or negligent infliction of emotional distress and as such is unclear. However, Count II of Plaintiff's complaint does allege that "Defendants were negligent in their conduct and representation to Plaintiff's concerns and needs." As such, the Court will construe Plaintiff's claim as one for negligent infliction of emotional distress.

■ Plaintiff's claim for negligent infliction of emotional distress falls under territorial law. V.I. CODE ANN. tit. 4 § 76. In the absence of local

---

[5] Although the Warsaw Convention does not exclude events merely because they transpire within a terminal building, it rejects sweeping liability for the entire period between the time a passenger enters the airport until he is safely on board aircraft. *Upton v. Iran Nat. Airlines Corp.*, 450 F. Supp. 176, *affirmed* 603 F.2d 215. (S.D.N.Y. 1978)

law to the contrary, the Restatement is the authoritative law in the United States Virgin Islands. 1 V.I.C. § 4; *Chase v. Virgin Islands Port Auth.,* 38 V.I. 417, 3 F. Supp. 2d 641 (1998). Negligent infliction of emotional distress is governed by RESTATEMENT (SECOND) OF TORTS § 436A. Under section 436A, "the negligent actor is not liable when his conduct results in emotional disturbance alone, without the bodily harm or other compensable damages." *Id.; Mingolla v. Minnesota Mining & Mfg. Co.,* 893 F. Supp. 499, 506 (D.V.I. 1995) (describing the elements of negligent infliction of emotional distress); *Lempert v. Singer,* 26 V.I. 326, 766 F. Supp. 1356 (D.V.I. 1995) (holding that, absent any physical harm, plaintiff cannot prevail on negligent infliction of emotional distress.) Additionally, in order to prevail on their claim of negligent infliction of emotional distress, Plaintiff must show that Defendants' negligent conduct placed her safety in danger and that she suffered some physical harm on account of her emotional distress. RESTATEMENT (SECOND) OF TORTS § 436A; *Benjamin v. Thomas Howell Group,* 2002 U.S. Dist. LEXIS 7687 (D.V.I. 2002); *International Islamic Cmty. of Masjid Baytulkhaliq v. United States,* 981 F. Supp. 352, 369, 37 V.I. 287 (D.V.I. 1997). This Plaintiff, however, does not allege that Defendants' negligent conduct placed her safety in danger or that she suffered physical or bodily harm. Nor do the facts support a reasonable inference to this end. Accordingly, Plaintiff's claim for recovery based upon the theory of negligent infliction of emotional distress must fail as a matter of law.

### D. Negligent Breach of Implied Contractual Duties

█ Plaintiff's breach of contract theory of relief is predicated on the assertion that common carriers have a contractual duty to protect a passenger from abusive and insulting language by its agents. A carrier has a duty to protect a passenger from abusive and insulting language by its agents or employees based on its contractual relationship with the passenger. *Gebhardt v. Public Service Coord. Transport,* 48 N.J. Super. 173, 137 A.2d 48 (App. Div.1957); *Gillespie v. Brooklyn Heights R. Co.,* 178 N.Y. 347, 70 N.E. 857, 66 L.R.A. 618 (Ct. App. 1904); *Bleecker v. Colorado & Southern R. Co.,* 50 Colo. 140, 114 P. 481, 33 L.R.A. (n.s.), 386 (Sup. Ct. 1911). Therefore, a common carrier or other public utility is subject to liability to patrons utilizing its facilities for gross insults which reasonably offend them, inflicted by the utility's servants while

otherwise acting within the scope of their employment. RESTATEMENT (SECOND) OF TORTS § 48; 1 V.I.C. § 4.

■ ■ However, even in viewing the facts of this case in a light favorable to the Plaintiff, Defendants' alleged conduct does not amount to gross insults. Based on Plaintiff's allegations, Defendants' agent told Plaintiff to "shut up" and take her seat, then told Plaintiff she may not be scheduled on any flight that day. This court finds that Defendants' interaction with Plaintiff was not the type of conduct proscribed by the Restatement. RESTATEMENT (SECOND) OF TORTS § 48 does not extend to mere trivialities. RESTATEMENT (SECOND) OF TORTS § 48 at comment c. Even at the hands of public servants the public must be expected and required to be hardened to a certain amount of rudeness or minor insolence, which any reasonable man would consider offensive but harmless and unimportant. *Id.* Even profanity may not be grossly insulting, where it obviously amounts to nothing more than mere emphasis or a habit of speech, or where it is so customary in the particular community that it may be said to be generally tolerated. *Id.* "An unduly sensitive plaintiff, even though he may be badly upset and suffer illness as a result, cannot found [sic] a cause of action upon mere hurt feelings at [sic] conduct which is essentially trivial." *Id.* Based on the facts, this court finds that Defendants' conduct does not fall within the category of grossly insulting.

■ Furthermore, the gravamen of Plaintiff's breach of contract claim is one for damages for mental suffering as a result of Defendants' negligent breach of the purported implied contract between the parties. However, in actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused compensation for mental suffering, except where the breach was wanton or reckless and caused *bodily harm.* RESTATEMENT (FIRST) OF CONTRACTS § 341. As noted earlier, Plaintiff does not allege that Defendants' conduct resulted in bodily harm. Accordingly, for the reasons cited above, Defendants' motion for summary judgment predicated on negligent breach of contract is granted.

## E. Discrimination

Plaintiff claims that a genuine issue of material fact exists as to whether Defendants are liable to Plaintiff for discrimination. However, Plaintiff fails to make any cognizable factual allegations sufficient to

support a claim for discrimination and as such, fails to raise a genuine issue of material fact regarding her discrimination claim.

## IV. Conclusion

For the reasons cited above, Summary Judgment predicated on Plaintiffs negligent infliction of emotional distress, breach of implied contractual duty and discrimination theories of relief is granted in favor of Defendants and against Plaintiff. Accordingly, an Order not inconsistent with this Memorandum Opinion will be entered forthwith.