**MARK CHASE, Plaintiff**

**v.**

**VIRGIN ISLANDS PORT AUTHORITY, Defendant**

Civ. No. 97-9

District Court of the Virgin Islands

Div. of St. Croix

April 8, 1998

DIANE RUSSELL, ESQ., St. Croix., U.S.V.I., *for Plaintiff*

GEORGE CANNON, JR., ESQ., St. Croix., U.S.V.I., *for Defendant*

MOORE, *Chief Judge*

## MEMORANDUM

### INTRODUCTION

This matter is before the Court on defendant's motion for summary judgment. Oral argument was held February 24, 1998.

This matter arises out of an alleged assault on plaintiff by Herman Lynch, an employee of the Virgin Islands Port Authority ["VIPA"], while at the Cyril E. King Airport on St. Thomas, which is operated by VIPA. Plaintiff alleges respondeat superior, negligent hiring and/or retention of Lynch, and intentional infliction of emotional distress.[1]

## DISCUSSION

### Standards for Summary Judgment

■ Summary judgment is appropriate "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson*, 477 U.S. at 247-48. In addition "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

### Respondeat Superior

■ In the absence of local law to the contrary, the Restatement is the authoritative law. 1 V.I.C. § 4. The Restatement of Agency provides that "[a] master is subject to liability for the torts of his

---

[1] The claim for punitive damages has been withdrawn by plaintiffs since punitive damages are not available against an agency of the Virgin Islands government. *See Codrington v. Virgin Islands Port Authority*, 33 V.I. 245, 911 F. Supp. 907 (January 17, 1996).

servants while acting in the scope of their employment." RESTATE-MENT (SECOND) OF AGENCY § 219.1 (1958). Section 228.1 provides that

[c]onduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master, and

(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

Here, the conduct occurred during Lynch's working hours at Lynch's duty station. Whether it was "expectable" by VIPA is the subject matter of the next section. Plaintiff, however, has not and cannot show that the assault by Lynch was in any way intended to benefit VIPA, nor was he employed to perform assaults. Therefore, summary judgment on the first count will be granted in favor of defendant.

**Negligent Hiring or Retention**

The Restatement of Torts provides that

[a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if

(a) the servant

(i) is upon the premises in possession of the master . . ., and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

419

(ii) knows or should know of the necessity and opportunity for exercising such control.

RESTATEMENT (SECOND) OF TORTS § 317 (1965). Comment c discusses "retention in employment of servants known to misconduct themselves" and provides in part that "the master may subject himself to liability under the rule . . . by retaining in his employment servants who, to his knowledge, are in the habit of misconducting themselves in a manner dangerous to others." *Id.* at cmt. c.

■ Plaintiff has presented evidence that on numerous occasions before this unfortunate incident Lynch had acted in such a hostile manner as to put VIPA on notice of his potential to create an unreasonable risk of bodily harm to others. A jury could thus reasonably find that VIPA was negligent in retaining Lynch.

**Intentional Infliction of Emotional Distress**

■ A tort is properly found when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another . . . ." RESTATEMENT (SECOND) OF TORTS § 46 (1965).

At the time of the incident, Lynch was "merely a supervisor or manager and not the employer in person nor a person who is realistically the alter ego" of VIPA. *Codrington v. V.I. Port Authority,* 33 V.I. 215, 911 F. Supp. 907, 915 (D.C.V.I. 1996), *citing Chinnery v. Gov't of the Virgin Islands,* 865 F.2d 68 (3d Cir. 1989). Therefore, Lynch's acts cannot be imputed to his employer. For VIPA to be found liable, VIPA's conduct must have been so "outrageous in character" and so "beyond all possible bounds of decency" to be considered "atrocious, and utterly intolerable in a civilized community." RESTATEMENT (SECOND) OF TORTS § 46 cmt. d. and *Codrington,* 911 F. Supp. at 916.

Assuming the facts alleged by plaintiff are true, while Lynch's actions were sufficiently beyond the bounds of all decency, the same cannot be said for VIPA. This Court finds as a matter of law that no jury could find defendant VIPA's conduct in hiring and retaining Lynch to be "extreme and outrageous." Therefore, the third count will be summarily judged against plaintiff.

## CONCLUSION

The counts sounding in respondeat superior and intentional infliction of emotional distress are judged summarily against plaintiffs and will be dismissed.

ENTERED this 8th day of April, 1998.

## ORDER

For the reasons expressed in the foregoing Memorandum, it is hereby

ORDERED that the defendant's motion for summary judgment is GRANTED IN PART. Plaintiff's count for negligent hiring or retention survives. Plaintiff's count for respondeat superior and intentional infliction of emotional distress is DISMISSED.

ENTERED this 8th day of April, 1998.