**GINA BELL, Plaintiff**

**v.**

**UNIVERSITY OF THE VIRGIN ISLANDS and
ROSEMARY BELLONE, Defendants**

Civil No. 2000-0062

District Court for the Virgin Islands

Division of St. Croix

November 19, 2003

408

YVETTE D. ROSS-EDWARDS, ESQ., Law Offices of R. Eric Moore, St. Croix, VI, *Attorney for Defendant University of the Virgin Islands*

WILFREDO GEIGEL, St. Croix, VI, *Attorney for Defendant Rosemary Bellone*

NATALIE NELSON TANG HOW, ESQ., St. Croix VI, *Attorney for Plaintiff*

FINCH, *Judge*

## MEMORANDUM OPINION

(November 19, 2003)

This matter comes before the Court, pursuant to FED. R. CIV. P. 56, on the motion of Defendant University of the Virgin Islands' Motion for Summary Judgment. For the reasons expressed herein, Defendant's motion will be granted in part, denied in part.

## I. Background

Plaintiff Gina Bell brings this discrimination action alleging that Defendant Rosemary Bellone, one of Plaintiff's professors in the UVI nursing program, discriminated against Plaintiff on the basis of Plaintiff's race (Black) and national origin (native Virgin Islander), and that Defendant Bellone assaulted Plaintiff. Plaintiff's Second Amended Complaint alleges: violation of § 601 of Title VI of 1964 and 42 U.S.C. §§ 1981 and 1983 (Count I); assault and battery (Count II); negligent hiring and retention (Count III); failure to warn (Count IV); intentional infliction of emotional distress (Count V); negligent infliction of emotional distress (Count VI); and entitlement to punitive damages (Count VII).

Defendant UVI now moves for summary judgment on all Counts (I - VII), pursuant to FED. R. CIV. P. 56 on the basis that Plaintiff cannot establish a *prima facie* case for any of the claims she has alleged against UVI. More specifically, Defendant sets forth the following bases in support of its motion:

(1) Regarding Count I, Plaintiff cannot prevail as a matter of law because she cannot support her claim that UVI intentionally discriminated on the basis of race, and because UVI cannot be sued for racial discrimination under Section 1983.

(2) Regarding Counts III and IV, Plaintiff cannot bring a claim against Defendant UVI based on its employment of Defendant Bellone because Plaintiff cannot establish any damages nor any causal connection to UVI of any alleged damages.

(3) Regarding Count V, Plaintiff cannot support an intentional infliction of emotional distress claim against Defendant UVI because Defendant Bellone's conduct was not extreme and outrageous, because Plaintiff did not suffer any physical injuries, and because under the doctrine of respondeat-superior, UVI is not responsible for Ms. Bellone's actions.

(4) Regarding Count VI, Plaintiff cannot support a negligent infliction of emotional distress claim against Defendant UVI because Bell did not suffer physical damages.

Plaintiff opposes Defendant UVI's motion.

## II. Analysis

### A. Standard Governing a Rule 56 Motion for Summary Judgement

Under FED. R. CIV. P. 56, a court may grant summary judgment only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute involving a material fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether such genuine issues exist, the Court must resolve all reasonable doubts in favor of the nonmoving party. *Christopher v. Davis Beach Co.*, 15 F.3d 38, 40 (3d Cir. 1994). The burden of proof for summary judgment lies with the moving party. *Adickes v. S.C. Kress & Co.*, 938 U.S. 144 (1970). A trial court should not act other than with caution in granting summary judgment, and may deny summary judgment where there is reason to believe that the better course would be to proceed to a full trial. *Anderson*, 477 U.S. at 254.

Defendant has moved for summary judgment on all of Plaintiff's claims. Therefore, each count of Plaintiff's Seconded Amended Complaint will be analyzed in turn.

## B. Count I

*Plaintiff's Claim under § 601 of Title VI of 1964 (42 U.S.C. § 2000d)*

■ Although Defendant UVI does not raise such an argument, it appears that Plaintiff lacks standing to bring a claim under Title VI in the first place. "In order to establish standing to sue under [Title VI] plaintiffs must be the intended beneficiaries of the federal spending program." *Foremanye v. University of Pennsylvania*, 9 NDLR P 36 (E.D. Pa. 1996) (citing *Scelsa v. City Univ. of New York*, 806 F. Supp. 1126, 1140 (S.D.N.Y. 1992) (citation omitted)). Plaintiff does not even allege that she is an intended beneficiary of the federal spending program. Therefore, she cannot bring a claim under 42 U.S.C. § 2000d.

*Plaintiff's Claim under 42 U.S.C. §§ 1981 and 1983*

■ The three elements of a 42 U.S.C. § 1981 claim are: "(1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Cedeno v. Wal-Mart Stores, Inc.*, 1999 U.S. Dist. LEXIS 18851, 2 n. 7 (E.D. Pa. 1999) (citing *Brown v. City of Oneonta*, 195 F.3d 111, ___, No. 98-9375 (2d Cir. 1999). Plaintiff has alleged that she is Black and a native Virgin Islander. Am. Compl. at 3. No evidence has been presented to the contrary. However, Plaintiff has not presented any evidence that would suggest Defendant UVI intended to engage in racial discrimination. Furthermore, 42 U.S.C. § 1981 states, in part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Plaintiff has not shown that she was deprived of any right(s) related to one or more of these enumerated activities. Therefore, Plaintiff has failed to make a *prima facie* case for a 42 U.S.C. § 1981 claim against Defendant UVI.

█ In *Eddy v. Virgin Islands Water and Power Authority*, 955 F. Supp. 468 (D.V.I. 1997), this Court stated that a 42 U.S.C. § 1983 claim for money damages may not be brought against officers and employees of the Territory of the Virgin Islands in their official capacities, only against them individually. *Id.* at 476 (citing *Jarvis v. Government of the Virgin Islands*, 919 F. Supp. 177, 180 n. 4 (D.V.I. 1996); *Nibbs v. Roberts*, 31 V.I. 196, 207-210 (D.V.I. 1995)). Defendant Bellone is an employee of the Territory of the Virgin Islands. Therefore, Plaintiff can only bring a claim for money damages under 42 U.S.C. § 1983 against Defendant Bellone as an individual.

As a matter of law, Plaintiff does not have a valid § 601 of Title VI of 1964 claim against Defendant UVI because she lacks standing. Plaintiff has failed to make out a *prima facie* case for a claim under 42 U.S.C. § 1981 against Defendant UVI. Furthermore, Plaintiff is barred from bringing a 42 U.S.C. § 1983 claim against Defendant UVI. Accordingly, Defendant UVI's motion shall be granted regarding Count 1.

## C.  Count II - Plaintiff's Assault and Battery Claim

██ Defendant does not make any specific arguments regarding summary judgment on Plaintiff's assault and battery claim. The pertinent inquiry, however, is whether Plaintiff can bring a claim against Defendant UVI regarding Defendant Bellone's alleged tort. The issue of whether an employer is responsible for torts committed by one of its employees was addressed in *Chase v. Virgin Islands Port Authority*, 3 F. Supp. 2d 641 (D.V.I. 1998). Based on RESTATEMENT (SECOND) OF AGENCY §§ 219.1 and 228.1, this Court determined in *Chase* that an employer is liable if and only if (1) the employee's tort encompasses the type of action the employee was hired to perform, (2) the employee's tort occurs within prescribed limits of time and space, (3) the employee's tort purposefully serves the employer, and (4) in the case of intentional force, force was expected by the employer. *Id.* at 642-643. Similar to the reasoning applied in *Chase*, the Court finds that in the instant case, Plaintiff has failed to and would be unable to demonstrate that Defendant

412

Bellone's alleged assault and battery served Defendant UVI, nor that Defendant Bellone was hired to push students.

Accordingly, Defendant UVI's motion shall be granted with respect to Count II.

## D. Count III - Plaintiffs Claims of Negligent Hiring and Retention

Because local law does not address negligent hiring and retention, we must look to the Restatement for authority. 1 V.I.C. § 4. RESTATEMENT (SECOND) OF TORTS § 317 (1965) provides, in part:

> [a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> (a) the servant
>
> > (i) is upon the premises in possession of the master ..., and
>
> (b) the master
>
> > (i) knows or has reason to know that he has the ability to control his servant, and
>
> > (ii) knows or should know of the necessity and opportunity for exercising such control.

In *Chase*, 3 F. Supp. 2d 641, this Court pointed out Comment C of the statute: "'Retention in employment of servants known to misconduct themselves' and provides in part that 'the master may subject himself to liability under the rule ... by retaining in his employment servants who, to his knowledge, are in the habit of misconducting themselves in a manner dangerous to others.'" *Id.* at 643 (quoting RESTATEMENT (SECOND) OF TORTS § 317 (1965) at cmt. c).

■ According to Plaintiff, UVI was put on notice of Ms. Bellone's conduct. On Page 9 of Plaintiff's Opposition, Plaintiff cites Pg. 16, line 11 to Pg. 18, line 15 of the Deposition of Dorian DeSuza as evidence that UVI in fact had notice of Defendant Bellone physically assaulting students. Ms. DeSuza alleges that she was pushed by Ms. Bellone and that she notified the University. Deposition of Dorian DeSuza at 16-18. Ms. DeSuza also states having heard that other students had been

413

touched and/or pushed by Ms. Bellone on previous occasions. Deposition of Dorian DeSuza at 17-18. At the hearing for this matter, Defendant UVI conceded being aware of the incident between Ms. DeSuza and Ms. Bellone, but argued that it was a cultural misunderstanding. It appears there is a genuine issue of material fact as to whether Defendant UVI was on notice that Defendant Bellone could pose a danger to her students. The Court finds that a jury could reasonably conclude that Defendant UVI breached its duty to exercise reasonable care in controlling Defendant Bellone.

Accordingly, Defendant UVI's motion shall be denied with regard to Count III.

### E.  Count IV - Plaintiffs Claim of Failure to Warn

Under RESTATEMENT (SECOND) OF TORTS § 343, a possessor of land is liable for injuries to its invitees only if the possessor (1) knew or should have known of an unreasonable risk of harm to invitees, (2) has reason to believe that invitees will not recognize the danger or will not protect themselves against the danger, and (3) does not exercise reasonable care to protect invitees against the danger.

■ As discussed above in regard to Count III, it appears there is a genuine issue of material fact as to whether Defendant UVI was on notice that Defendant Bellone could pose an unreasonable risk of harm to her students. Furthermore, a jury could reasonably find that students are not in a position to protect themselves against physical abuse from a professor. Finally, there has been no evidence to suggest that Defendant UVI took any measures to protect its students from Defendant Bellone. Therefore, a jury could reasonably find that Defendant UVI has breached its duty to warn students, as invitees, of the potential dangers of Defendant Bellone's conduct.

Accordingly, Defendant UVI's motion shall be denied with respect to Count IV.

### F.  Count V - Plaintiff's Claim of Intentional Infliction of Emotional Distress

■ Applying the doctrine of *respondeat superior* as outlined in *Chase*, 3 F. Supp. 2d at 642-643, the Court finds that in the instant case, Plaintiff has failed to and would be unable to demonstrate that Defendant Bellone's intentional infliction of emotional distress served Defendant

414

UVI, nor that Defendant Bellone was hired to intentionally inflict emotional distress upon students.

Accordingly, Defendant UVI's motion shall be granted with respect to Count V.

## G. Count VI - Plaintiffs Claim of Negligent Infliction of Emotional Distress

■ Once again, applying the doctrine of *respondeat superior* as outlined in *Chase*, 3 F. Supp. 2d at 642-643, the Court finds that in the instant case, Plaintiff has failed to and would be unable to demonstrate that Defendant Bellone's alleged negligent infliction of emotional distress served Defendant UVI, nor that Defendant Bellone was hired to negligently inflict emotional distress upon students.

Accordingly, Defendant UVI's motion shall be granted with respect to Count VI.

## H. Count VII - Plaintiffs Claim of Entitlement to Punitive Damages

■ In examining the issue of entitlement to punitive damages in the context of a summary judgment motion, the court in *Barry ex rel. Cornell v. Manor Care, Inc.*, 1999 U.S. Dist. LEXIS 5928 (E.D. Pa. 1999), held that the trial record would determine whether punitive damages were available to Plaintiff at trial. Similarly, in the instant case, such determination will be left to the trial record regarding Plaintiff's claims of negligent hiring and retention, and failure to warn.

Accordingly, Defendant UVI's Motion shall be denied with respect to Count VII.

## V. Conclusion

In accordance with the foregoing analysis, Defendant University of the Virgin Islands' Motion for Summary Judgment shall be granted with respect to Counts I, II, V, and VI, and shall be denied with respect to Counts III, IV, and VII. An appropriate order is attached.