**HOLLY E. BOWEN, Plaintiff**

**v.**

**PETER ZACKO, THREE IRISH LADS, INC., and MARICO, d/b/a TICKLES, Defendants**

Civil No. 366/2001

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 22, 2008

22

JOSEPH MINGOLLA, ESQ., St. Thomas, USVI, *For the Plaintiff.*

JAMES M. DERR, ESQ., St. Thomas, USVI, *For the Defendants.*

KENDALL, *Judge*

## MEMORANDUM OPINION

(July 22, 2008)

THIS MATTER is before the Court on Defendants "Three Irish Lads" and "Marico's" "Motion for Summary Judgment," "Reply," "Supplemental Memorandum in Support of its Motion for Summary Judgment" and Defendants' Opposition to the Motion. For the reasons stated below, the Motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant "Three Irish Lads" is the owner of "Marico, Inc.," which owns the trade name "Tickles" [collectively "Defendants"]. This action for personal injury and damages stems from an incident that occurred on January 26, 2001, at "Tickles Dockside Restaurant and Pub," located in Crown Bay Marina, St. Thomas. Plaintiff Holly Bowen was drinking at the pub that evening and sitting at the bar when Defendant Peter Zacko, the manager, asked her to remove her feet from the bar. She made a provocative and highly personal statement to Mr. Zacko in response, and

25

he then allegedly lifted her by the neck, carried her outside the premises and threw her against a wall with great force.[1]

Plaintiff filed this four-Count Complaint shortly thereafter contending that the Defendants are jointly and vicariously liable for her damages from this incident. Counts I and II seek relief against Defendant Zacko. Count III seeks to hold the remaining Defendants vicariously liable for Mr. Zacko's conduct on a *respondeat superior* theory while Count IV asserts vicarious liability against them for negligently hiring Mr. Zacko and maintaining an unsafe environment for invitees.

## II. ANALYSIS

### i. Standard for Granting a Motion for Summary Judgment

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c).

On a Motion for Summary Judgment, the nonmoving party bears the burden of making a sufficient showing with respect to essential elements of its claim by setting forth facts adverse to the moving party that establish a "genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). If the moving party has offered evidence to show that there is no genuine issue for trial, the nonmoving party must rely on specific evidence on rebuttal and cannot rest on mere allegations or raise a "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). When reviewing evidence, "all reasonable inferences to be drawn from the presented evidence . . . must be examined in the light most favorable to the nonmoving party." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). The Court should grant Summary Judgment if it can conclude that no reasonable jury could find in the nonmoving party's favor on the basis of the record as a whole. *Matsushita*, 475 U.S. at 587.

---

[1] Plaintiff has testified that she told Mr. Zacko that he was angry at her because she knew that his wife was in a sexual relationship with another man. *See* Mot. for Summ. J. by Marico, Plt's Dep. at 7-8.

## ii. Motion for Summary Judgment

Defendants cite three bases for granting Summary Judgment on Counts III and IV of the Complaint. Defendants assert that Plaintiff has failed to show that a genuine issue of material fact exists with respect to whether Mr. Zacko was acting in the scope of his employment, a necessary element of *respondeat superior* liability, when he allegedly assaulted Plaintiff. Plaintiff responds that there is a genuine issue as to whether Mr. Zacko was acting within the scope of his employment because Mr. Zacko was restaurant manager, the incident occurred during normal business hours and was precipitated by actions that plainly occurred within the scope of employment. Defendants argue in rebuttal that Plaintiff have not offered any evidence that this incident occurred during the scope of employment and direct the Court's attention to several cases involving the commission of intentional torts by employees that were deemed to occur outside the scope of employment.

With respect to Count IV, Plaintiff's claim for vicarious liability based on Negligent Hiring, Defendants argue that there is no genuine issue of material fact in reliance on the sworn testimony of Mr. Zacko's supervisor that he never engaged in any prior conduct placing them on notice of aggressive tendencies. Finally, Defendants also contend that there is no genuine issue of material fact with respect to Count IV because they exercised reasonable care in maintaining a safe business environment and had no reason to know that Mr. Zacko would assault Plaintiff.

### iii. Defendant Zacko was an agent and servant of Defendant Tickles when this incident occurred

 The parties initially devoted much attention to whether Defendant Zacko was an agent of Tickles, which he undoubtedly is. Under the Restatement, which is the law of the Virgin Islands "in the absence of local laws to the contrary" pursuant to Title 1 V.I.C. § 4 (1957), agency is defined as:

> The fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act.

RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006).

As manager of Tickles, Mr. Zacko was subject to the control of his employer and sought to further Defendants' interests and was plainly an agent of Defendants.

### iv. Plaintiff must show that Defendant Zacko was acting "in the scope of his employment" to establish liability under *respondeat superior*

The parties dispute whether Defendants can be held liable for Mr. Zacko's intentionally tortious conduct under the doctrine of *respondeat superior.* This doctrine holds an employer vicariously liable for the tortious conduct of its employees that occurs within the "scope of employment." *Williams v. Rene*, 33 V.I. 297, 301, 72 F.3d 1096, 1099 (3d Cir. 1995); *see also* RESTATEMENT (THIRD) OF AGENCY § 7.07(1) (2006). "Scope of employment" is defined as:

> (2) An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.[2]

RESTATEMENT (THIRD) OF AGENCY § 7.07(2)

Whether an individual's tortious conduct falls within the scope of employment normally presents a question for the trier of fact. This issue may be decided as a matter of law, however, if it is clear that the conduct could not reasonably have occurred within the scope of employment. *See, e.g., Chase v. Virgin Islands Port Authority*, 38 V.I. 417, 3 F. Supp. 2d 641, 643 (D.C.V.I. 1998). Thus, to establish that there is a genuine issue of material fact on her *respondeat superior* claim, Plaintiff must show that

---

[2] The Restatement (Third) of Agency streamlines the analysis required under the Restatement (Second) of Agency, which established a four-factor test to determine if an employee acted within the course and scope of employment:

 i) Whether the conduct is of the kind that the employee is hired to perform,
 ii) Whether it occurs substantially within the authorized time and space limits,
 iii) Whether it is actuated, at least in part, by a purpose to serve the master, and
 iv) If force is intentionally used by the servant against another, the use of force is not unexpectable by the master

RESTATEMENT (SECOND) OF AGENCY § 228.1.

there is a genuine issue with respect to whether Defendant Zacko was acting within the "scope of employment."

### v. Plaintiff fails to offer any genuine issue with respect to whether Defendant Zacko was acting within the "scope of employment."

 On a Motion for Summary Judgment, it is insufficient to rely merely on speculation and to create a "metaphysical doubt" as to the facts. Assuming the truth of Plaintiff's allegation that Defendant Zacko assaulted her, she fails to show that there is a genuine issue with respect to whether he was acting within the "scope of employment" because she failed to meet her burden to offer any evidence to show that Mr. Zacko was engaging in an authorized course of conduct. The evidence submitted by Tickles shows that the assault followed a personal statement made by the Plaintiff to Mr. Zacko.[3] Although Mr. Zacko was presumably acting within the scope of his employment just before the assault when he asked Plaintiff to remove her feet from the bar, her intervening statement regarding his wife's infidelity and his disproportionate reaction indicate that he was on an independent course of conduct unrelated to his duties at work. *See* RESTATEMENT (SECOND) OF AGENCY § 245, cmt. f, ("the fact that the servant acts in an outrageous manner or inflicts a punishment out of all proportion to the necessities of the master's business is evidence indicating that the servant has departed from the scope of employment in performing the act.").

 The close proximity of this incident to prior conduct within the scope of Mr. Zacko's employment and the fact that he responded to a personal comment made while he was working, standing alone, are insufficient to create a genuine issue as to whether this assault occurred within the "scope of employment." *See id.* ("[A master is not liable] if the servant has no intent to act on his master's behalf, although the events from which the tortious act follow arise while the servant is acting in the [scope of] employment and the servant becomes angry because of them."). Similarly, the occurrence of the assault during Mr. Zacko's working hours does not create a genuine issue of material fact. *Id.*; *see*

---

[3] Plaintiff has testified that Mr. Zacko asked her to remove her feet from the bar. She was upset about the manner in which he asked her so she told Mr. Zacko that he was angry at her because she knew that his wife was in a sexual relationship with another man. Mr. Zacko retaliated by assaulting Plaintiff. *See* Mot. for Summ. J. by Marico, Plt's Dep. at 7-8.

29

*also Chase v. Virgin Islands Port Authority*, 38 V.I. 417, 3 F. Supp. 2d 641, 643 (D.V.I. 1998) (holding that summary judgment against Plaintiff was appropriate with respect to *respondeat superior* even though employee committed assault while he was working); *Nichols v. Land Trasp. Corp.*, 223 F.3d 21, 23 (1st Cir. 2000) (holding that employer of a truck-driver was not vicariously liable for the employee's assault committed during his employment); *Copeland v. County of Macon, Ill.*, 403 F.3d 929, 932 (7th Cir. 2005) (holding that although an employee was acting within the "authorized time and space limits" of his employment, his conduct in arranging the beating of a pre-trial detainee was not conduct that he was authorized to perform nor was he acting with the intent to serve his employer).

Plaintiff, in response, argues that it is reasonable to assume that Mr. Zacko had the authority to remove unruly customers and that a bar such as Tickles should have reasonably expected that it would have to deal with unruly customers and its employees were likely to use force against such customers. Although Plaintiff speculates that Mr. Zacko had the authority to remove unruly customers without offering any supporting evidence, this is simply not the issue. It has not been established that Mr. Zacko was acting to remove Plaintiff because she was unruly since the evidence shows that his hostility was "extraneous to the work environment." Furthermore, there was no evidence presented that even if Mr. Zacko was acting to further his employer's interests because the Plaintiff was unruly, he was authorized to physically remove and assault unruly customers himself.

██ ██ Plaintiff's failure to establish a genuine issue of material fact on these issues undermines her claims because management of a bar does not normally require use of force. *See* RESTATEMENT (SECOND) OF AGENCY § 245, cmt. a (1958) (the use of force is considered inherent or even incidental in the professional obligations of bouncers, repossession agents and security guards; management of bars and restaurants is not a profession within this list). Although a manager of a bar would arguably need to develop a procedure for dealing with intoxicated, unruly customers by employing a bouncer or security guards, it is a stretch to assume that the manager himself has authority to physically remove unruly customers. At the very least, some discovery would be necessary to show that Mr. Zacko exercised such authority on behalf of Defendants. Plaintiff's speculation that "restaurants and bar managers remove unruly

customers quite often" is not evidence and does not establish a genuine issue of material fact where she bears the affirmative burden of showing that Mr. Zacko had the authority to remove unruly customers.[4] Furthermore, not only did Plaintiff have to show that Mr. Zacko had the authority to remove unruly customers but also that he was attempting to exercise this authority when he physically assaulted the Plaintiff.

Numerous other cases that have relied on the Restatement to determine if an employee committed an assault within the scope of employment reflect the difficulty of establishing that the employee was motivated by an employment-related purpose. *See, e.g., Chase*, 3 F. Supp. 2d at 643; *Bell v. University of the Virgin Islands*, 45 V.I. 407, 413 (D.V.I. 2003) (citing *id.*); *Nichols*, 223 F.3d at 25; *Garrett v. Great-Western Distributing Co. of Amarillo*, 129 S.W.3d 797, 800 (Tex. App. 2004). Therefore, it was especially important for Plaintiff to offer affirmative evidence with respect to the Mr. Zacko's motivation and authority to engage in such conduct. Plaintiff, after almost seven years of discovery, has failed to establish a genuine issue of material fact with respect to these issues and summary judgment is appropriate.

### vi. Plaintiff has not raised genuine issue of material fact as to whether Defendant Tickles negligently hired Defendant Zacko

Plaintiff has also failed to establish a genuine issue of material fact with respect to her claim that Defendant Tickles negligently hired Mr. Zacko and created an unsafe environment for patrons of the restaurant. The RESTATEMENT (SECOND) OF TORTS § 317 (1965) states that:

> A master is under a duty to exercise reasonable care to control his servant while acting outside the scope of his employment so as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
> (a) the servant
> (i) is upon premises in possession of the master . . . , and
> (b) the master
> (i) knows or has reason to know that he has the ability to control the servant, and

---

[4] Opp. to Mot. for Summ. J. at 6 ¶ 1.

31

(ii) knows or should know of the opportunity and necessity for exercising such control

*See also Chase*, 3 F. Supp. 2d at 643.

▉ To make a *prima facie* case of negligent hiring, a plaintiff must raise material facts that could lead a jury to reasonably conclude that Defendants negligently hired Defendant Zacko. Defendants offered the affidavit of Mr. Lou Morrissette, President of Marico, to establish that he had known Mr. Zacko for five years before this incident and he never learned about any incidents involving Mr. Zacko that would demonstrate violent or aggressive tendencies.[5] In response, Plaintiffs fail to offer any evidence in rebuttal that would establish a genuine issue of material fact. They have not met their burden to show that Mr. Zacko had a history of misconduct that Defendants negligently ignored. *Cf. Chase*, 3 F. Supp. 2d at 643 (holding that Plaintiff did establish a genuine issue as to Defendant employer's notice that employee who assaulted him had a history of violence). Accordingly, summary judgment is appropriate.

### vii. Plaintiff has raised no genuine issue of material fact as to whether Tickles failed to maintain a safe environment for patrons

Plaintiff also contends that Defendants maintained an unsafe environment for patrons because Mr. Zacko's tortious conduct was reasonably foreseeable. Defendants maintain that his conduct was not reasonably foreseeable since they had no prior indication that he was likely to behave aggressively.

▉ Defendant's duties to business invitees are governed by the RESTATEMENT (SECOND) OF TORTS § 344 (1965), which states that:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise **reasonable care** to

(a) discover that such acts are being done or are likely to be done, or

---

[5] Def.'s Mot. for Summ. J., aff. of Lou Morrissette.

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

(emphasis added)

 "Third persons" include employees acting outside the scope of their employment. *Id.* § cmt. b. "Reasonable care" does not amount to insuring the safety of visitors and a landowner is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. *Id.* §, cmt. d. With respect to the landowner's duty to police the premises, the landowner "may know or have reason to know, from past experience, of a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual." *Id.* § cmt. f.

 Plaintiff has not shown that Mr. Zacko's alleged tortious conduct was foreseeable. Mere speculation that such conduct is likely to occur at a bar is insufficient without more specific proof that employees engaged in violent conduct on the premises or that Mr. Zacko's conduct was foreseeable. The statements in Mr. Morrissette's affidavit have not been rebutted by Plaintiff or placed in any doubt. Furthermore, this is not a case in which Plaintiff argues that Defendants were negligent in failing to discover that Mr. Zacko had assaulted her or stopping him while it was occurring. She bases her claim of liability exclusively on their failure to prevent the assault, which the evidence indicates was unforeseeable, from occurring in the first place. In such circumstances, the Court cannot find that the Defendants were negligent. *See Maysonet v. KFC Management, Inc.*, 906 F.2d 929, 932 (2d. Cir. 1990) (holding that a restaurant was not liable for an injury sustained by one of its customers due to the unforeseeable criminal conduct of a vagrant who stabbed a customer at the restaurant).

## CONCLUSION

Based on the foregoing reasons, the "Motion for Summary Judgment" will be granted. An appropriate Order is attached.