**BRANDON WALKER, Plaintiff**

**v.**

**VIRGIN ISLANDS WASTE MANAGEMENT AUTHORITY,
GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF
HUMAN SERVICES, LATRELL JACOBS AND KAREEM CASIMIR,
Defendants**

Civil No. SX-11-CV-353

Superior Court of the Virgin Islands

Division of St. Croix

August 7, 2014

54

BRADY, *Judge*

## MEMORANDUM OPINION

### (August 7, 2014)

THIS MATTER is before the Court on Defendant Virgin Islands Waste Management Authority's ("VIWMA") Motion and Brief Requesting Summary Judgment on Plaintiff's Second Amended Complaint ("Motion"), filed March 18, 2014; Plaintiff's Response thereto ("Response"), filed May 13, 2013; and VIWMA's Reply to Plaintiff's Opposition Response ("Reply"), filed June 6, 2014.[1] VIWMA's Motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff Walker and Defendants Casimir and Jacobs were employed in the Youth Environmental Summer Program ("YES Program") sponsored by VIWMA, by which they were employed for six hours per day, until 3:00 p.m. On July 30, 2010, the last day of the employment of the YES Program participants, including Plaintiff and the individual Defendants, VIWMA held a closing ceremony at Cramer Park in St. Croix's East End. On the bus ride home, Defendants Casimir and Jacobs allegedly assaulted Plaintiff causing several injuries for which he required medical treatment.

---

[1] Also before the Court are (1) Plaintiff's Motion to File a Response to Co-Defendant VIWMA's Motion and Brief Requesting Summary Judgment on Plaintiff's Second Amended Complaint Out of Time, filed May 17, 2014. That motion is GRANTED; (2) VIWMA's Motion Requesting Entry of Findings of Fact and Conclusions of Law on the Motion, filed May 23, 2014 (seeking ruling that Plaintiff waived his right to oppose the Motion by failing to timely respond). That motion was filed after Plaintiff had filed his Response in opposition to the Motion, and is therefore DENIED as moot; and (3) VIWMA's Motion to Treat Facsimile Copy of May 29, 2014 Summary Judgment Reply as Original Filing, filed June 6, 2014. That motion is GRANTED.

Second Amended Complaint ("Complaint"), ¶ 8. At the time of the incident, all three boys were minors. *Id.* ¶¶ 6, 10.[2] Defendants Casimir and Jacobs were residents of the Youth Rehabilitation Center ("YRC") and on the Student Employment Application form for the YES Program, each listed Co-Defendant Government of the Virgin Islands Department of Human Services as his legal guardian. *Id.* ¶ 8; Motion, at 2 (Exhibit 1).

Plaintiff's mother, Alesia Jerrels, executed a Release, Hold Harmless and Indemnity Agreement ("Release Agreement"), dated June 28, 2010, purportedly agreeing on behalf of her minor son to indemnify VIWMA and related parties from any and all claims, damages and liability, including for personal injuries sustained, in exchange for his participation in the YES Program. Motion, at 6 (Exhibit 6). Prior to the commencement of the YES Program, VIWMA's program manager contacted YRC counselors who refused to divulge information about Defendants Casimir and Jacobs on privacy grounds, but did provide good recommendations and assurances that these individuals were fit for employment with the YES Program. Motion, at 2 (Exhibits 2-4).

Plaintiff alleges that VIWMA is liable to Plaintiff under the doctrine of *respondent superior* for the intentional torts of its employees Casimir and Jacobs.[3] Additionally, Plaintiff alleges that VIWMA is liable for negligence in hiring, training and supervision of individuals responsible for children in their care. Complaint ¶¶ 17-21.

VIWMA responds that the alleged assaulting parties were no longer employees when the incident occurred and, even if they were still employees, an employer can only be held liable for an employee's intentional tort if the conduct is "expectable" in view of the employee's duties. Motion, at 6. VIWMA further argues that Plaintiff waived his right to sue when his mother and legal guardian at the time executed the Release Agreement. *Id.* at 7.

VIWMA argues that Plaintiff cannot prevail on his claim of VIWMA's negligence in hiring, retention, training and supervision of Jacobs and

[2] By Order entered January 10, 2014, the Court granted Plaintiff's Motion to Amend Complaint reflecting that Plaintiff Brandon Walker, having attained the age of eighteen on September 23, 2011, now acts on his own behalf as the sole Plaintiff in this case.

[3] In Count I of his Complaint (¶ 15), Plaintiff alleges assault and battery by Defendants Jacobs and Casimir, without reference to VIWMA. Yet, both parties argue *respondeat superior* and the vicarious liability of VIWMA for the acts of Jacobs and Casimir, and the Court considers the issue notwithstanding the arguable insufficiency of Plaintiff's pleading in this regard.

Casimir because: 1) their employment had ended; and 2) "VIWMA exercised ordinary care and acted reasonably in making inquiries into both boys' backgrounds," and therefore, acted reasonably in hiring Defendants Casimir and Jacobs. As to the claim that claim that VIWMA was negligent for failing to supervise the YES Program participants on the return bus ride from Cramer Park, VIWMA states simply that the Complaint "does not name the employees Plaintiff is complaining about" or "assert any factual basis for claims of negligent hiring, retention, training and supervision," entitling it to summary judgment. *Id.* at 8.

Plaintiff does not argue that an assault by Defendants Casimir and Jacobs as employees of VIWMA was expectable given their employment duties, but does argue that several material facts remain in dispute, including: whether the violence was or should have been expected (Response, at 3); whether VIWMA was negligent in hiring the youth from YRC solely on the representation of DHS that the youths were fit for the program (*Id.* at 4); whether the conduct of Casimir and Jacobs could have reasonably been foreseen as a result of VIWMA's failure to provide supervision or to supervise the minors on the bus provided by VIWMA and, if so, whether such lack of supervision was a proximate cause of Plaintiff's injury. *Id.*

Plaintiff claims that, as a minor at all times in issue, he was legally incapable of waiving any rights through the Release Agreement. *Id.* at 5.[4] Further, Plaintiff claims that there is ample evidence in the record to the effect that VIWMA did not provide Defendants Casimir and Jacobs adequate ". . . training, instructions or supervision . . ." *Id.* at 6. On these bases, Plaintiff submits that summary judgment is inappropriate and that unresolved genuine issues of material facts relative to his claims must submitted to a trial jury.

## DISCUSSION

A moving party will prevail on a motion for summary judgment where the record shows that there is no unresolved genuine issue of material fact

---

[4] Plaintiff states: "Only persons who have attained the age of majority can execute a binding contract . . . any document signed by Plaintiff while under the age of eighteen is none binging [*sic*] upon him." *Id.* Plaintiff fails to address, or even acknowledge, the legal significance of the fact that the Release Agreement was not executed by Plaintiff as an unemancipated minor, legally incapable of entering into a contract, but rather was executed by his mother acting on his behalf as his legally competent guardian. *See* 16 V.I.C. § 261.

and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a), applicable pursuant to SUPER. CT. R. 7; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The reviewing court must determine whether there exists a dispute as to a material fact, the determination of which will affect the outcome of the action under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Such a dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. *Id.* In analyzing the evidence, the court must consider the pleadings and full factual record, drawing all justifiable inferences in favor of the nonmoving party, to determine whether the movant has met its burden of showing that there is no unresolved genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

A party opposing a motion for summary judgment may not rest upon the allegations or denials within its pleadings, but must set forth specific facts showing that there is a genuine issue for trial, such that the jury or judge as fact finder could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmoving party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record . . . ." FED. R. CIV. P. 56(c)(1)(A). *See also Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008), citing Rule 56(e) prior to its 2010 amendment. "As to materiality, only those facts that 'might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Id.* (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).

## I. Defendant VIWMA is entitled to judgment as a matter of law on Count I of Plaintiff's Second Amended Complaint — Assault and Battery.

### a. *There are no genuine issues of material fact in dispute.*

Plaintiff argues that "whether the violence was or should have been expected presents a genuine issue of material fact." Reply, at 3. Plaintiff points to evidence in the record that he had been "provoked and taunted" by Defendant Casimir earlier in the YES Program. Reply, at 4, Exhibit 1. Plaintiff contends that a fact finder could reasonably conclude that VIWMA "knew or should have known that supervision was vital for the

safety of the minors, one from the other, especially at the end of program's celebration." Reply, at 5.

While questions of "reasonableness" are almost always questions for the trier of fact, the dispositive issue regarding Count I as it relates to VIWMA is not whether the level of VIWMA's supervision over the minors was reasonable, but rather whether VIWMA may be deemed liable for the intentional torts of Defendants Casimir and Jacobs under the theory of *respondeat superior*.

■ A Virgin Islands employer may be liable for the intentional torts of its employees only to the extent that a plaintiff presents some evidence that the tortfeasor employee was acting within the scope of his employment.

> Whether an individual's tortious conduct falls within the scope of employment normally presents a question for the trier of fact. This issue may be decided as a matter of law, however, if it is clear that the conduct could not reasonably have occurred within the scope of employment. Thus, to establish that there is a genuine issue of material fact on her *respondeat superior* claim, Plaintiff must show that there is a genuine issue with respect to whether Defendant Zacko was acting within the "scope of employment."

*Bowden v. Zacko*, 50 V.I. 22, 28-29 (V.I. Super. Ct. 2008) (citation omitted).

■ In this case, Plaintiff has proffered no evidence presenting a triable issue of fact that Defendants Casimir and Jacobs were acting within the scope of their employment when they allegedly assaulted him. Assuming the truth of Plaintiff's allegations concerning the assault, even if Casimir and Jacobs were still VIWMA employees when the incident occurred, Plaintiff points to nothing in the record by which their conduct is related in any manner to the scope of their employment with the YES Program.

> Assuming the truth of Plaintiff's allegation that Defendant Zacko assaulted her, she fails to show that there is a genuine issue with respect to whether he was acting within the "scope of employment" because she failed to meet her burden to offer any evidence to show that Mr. Zacko was engaging in an authorized course of conduct . . . [t]he occurrence of the assault during Mr. Zacko's working hours does not create a genuine issue of material fact.

*Id.* 50 V.I. at 29; *see also Chase v. V.I. Port Authority*, 38 V.I. 417, 419 (D.V.I. 1998).

Similarly here, the Court finds that there are no material facts in dispute that must be determined by the finder of fact to preclude entry of judgment as a matter of law with respect to Plaintiff's claims in Count I — Assault and Battery as to VIWMA.

### b. *Plaintiff cannot establish as a matter of law that assault and battery is expectable conduct for YES Program employees.*

The question of whether Defendants Casimir and Jacobs were still VIWMA employees when the assault took place is not a genuine issue of material fact that precludes entry of judgment on Count I — Assault and Battery as, either way, VIWMA is entitled to judgment on that Count as a matter of law.

■ An employer's liability for the torts of its employee under a *respondeat superior* theory turns on the question of whether the employee's actions were done within the course and scope of the employment or otherwise constituted expectable conduct given the nature and scope of the employment. *See Williams v. Rene*, 72 F.3d 1096, 33 V.I. 297, 301 (3d Cir. 1995).[5]

■ "A master is subject to liability for the torts of his servants while acting in the scope of their employment." RESTATEMENT (SECOND) OF AGENCY § 219(1) (1958).[6] In *Chase v. Port Authority*, the District Court held that " '[a] master is subject to liability for the torts of his servants

---

[5] *Williams v. Rene* predates the Legislature's 2004 amendment of 4 V.I.C. § 21, *et seq.*, which established the Supreme Court of the Virgin Islands as "the supreme judicial power of the Territory," effectively repealing 1 V.I.C. § 4, such that courts of the Virgin Islands are no longer required to "automatically and mechanistically" follow the provisions of the Restatements of the Law as promulgated by the American Law Institute. *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011). Because the Third Circuit's analysis in *Williams* was based upon the application of the Restatement (Second) of Agency pursuant to 1 V.I.C. § 4, that decision does not constitute binding authority. In the absence of binding Virgin Islands precedent, it is necessary to conduct a *Banks* analysis to determine the appropriate common law rule to be applied. *Banks*, 55 V.I. at 977-78. *See also Gov't of the Virgin Islands v. Connor*, 60 V.I. 597 n. 1 (V.I. 2014).

[6] The Court considers three factors in deciding whether to apply a provision of the Restatement as the applicable standard for an issue in dispute: "(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for

60

while acting in the scope of their employment.' RESTATEMENT (SECOND) OF AGENCY § 219(1) (1958). Section 228(1) provides that

> "[c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master."

*Chase*, 38 V.I. at 418-19.

■ In limited circumstances, employers may be liable for their employees' torts committed outside the scope of employment if, for example, "the master is negligent or reckless." RESTATEMENT § 219(2)(b). Generally, however, Virgin Islands courts have applied RESTATEMENT (SECOND) OF AGENCY § 245 when determining the vicarious liability of an employer for the intentional torts of its employees:

> A master is subject to liability for the intended tortious harm by a servant to the person or things of another by an act done in connection with the servant's employment, although the act was unauthorized, *if*

---

the Virgin Islands." *Gov't v. Connor*, 60 V.I. at 600, *citing Matthew v. Herman*, 56 V.I. 674, 683-84 (V.I. 2012).

In the Virgin Islands, the RESTATEMENT (SECOND) OF AGENCY § 219 (1958) has been applied numerous times in courts throughout the Territory. *See Bell v. University of the Virgin Islands*, 45 V.I. 407, 412 (D.V.I. 2003) (*citing Chase v. Virgin Islands Port Authority*, 38 V.I. at 418-19, where "the Court determined that an employer is liable if and only if . . . the employee's tort encompasses the type of action the employee was hired to perform . . ."). *See also Warner v. Kmart*, 2009 U.S. Dist. LEXIS 44502 (D.V.I. 2009). While some courts have applied the RESTATEMENT (THIRD) OF AGENCY § 7.07 (2006) (*see Gov't v. Connor*, 60 V.I. at 600; *Thomas v. Roberson*, 58 V.I. 662 (D.V.I. 2013)), this substantively similar newer provision has not been widely adopted, and the Court finds that RESTATEMENT (SECOND) OF AGENCY § 219 is the rule that has been generally adopted by Virgin Islands courts.

It also appears that rules of employer vicarious liability as defined in RESTATEMENT (SECOND) OF AGENCY § 219 constitute the majority rule applied by courts across the United States. *See Turner v. Washington Metropolitan Area Transit Authority*, 853 F.Supp.2d. 134 (D.D.C. 2012); *Hargrave v. County of Atlantic*, 262 F.Supp.2d. 393 (D.N.J. 2003); *Wilkerson v. P.I.A. Topeka, Inc.*, 900 F.Supp. 1418 (D.Kan. 1995).

Finally, the Court finds that RESTATEMENT (SECOND) OF AGENCY § 219 represents the soundest rule for the Virgin Islands, reflecting commonly understood legal principles that do not contradict Virgin Islands common law.

*the act was not unexpectable in view of the duties of the servant* (emphasis added).

*See Dupigny v. Mutaal*, 33 F. Supp. 2d 415, 40 V.I. 135, 137 (D.V.I. App. 1998).

■ Generally, the commission by an employee of an assault and battery does not constitute an "expectable" act in the context of the employee's duties. "To create liability for a battery by a servant upon a third person, the employment must be one which is likely to bring the servant into conflict with others." RESTATEMENT (SECOND) OF AGENCY § 245, comment c.[7]

In this case, Defendants Casimir and Jacobs were employed as summer part-time employees in VIWMA's YES Program, which was expressly dedicated to conservation and environmental awareness. Program Director Emmeline Simmonds explained that "the program hired young adults to do beautification work throughout the community," such as "cleaning beaches, schools and other government facilities." Motion at 3, Exhibit 9.

The YES Program Youth Rules and Regulations specifically prohibited employees from, among other things, "fighting during work hours . . . ." Motion, Exhibit 5.

■ Plaintiff has offered no argument and presented no evidence that the employment of Defendants Casimir and Jacobs involved any physical interaction with other persons that might expectably turn violent. On the present record, the alleged acts of Jacobs and Casimir on June 30, 2010 were not expectable conduct "in view of the duties of the servant."

As such, Defendant VIWMA cannot be deemed to be vicariously liable under the doctrine of *respondeat superior* for the alleged intentional torts

---

[7] RESTATEMENT (SECOND) OF AGENCY § 245 (1958) has been applied in the context of *respondeat superior* claims by Virgin Islands courts. *See Brunn v. Dowdye*, 2009 V.I. LEXIS 19 (V.I. Super. 2009); *Mathurin v. Gov't of the VI.*, 12 V.I. 23 (D.V.I. 1975). Criteria for an employer's liability for the intentional torts of its servants as set forth in RESTATEMENT (SECOND) OF AGENCY § 245 represent the majority rule applied throughout the United States. *See Harbury v. Hayden*, 444 F.Supp.2d. 19,34 (D.D.C. 2006), *aff'd* 522 F.3d 413, 380 U.S. App. D.C. 388 (D.C.Cir. 2008), *cert. denied* 555 U.S. 881 (2008); *Nathans v. Offerman*, 922 F.Supp.2d 271, 276 (D.Conn. 2013); *Kirlin v. Halverson*, 2008 SD 107, 758 N.W.2d 436 (S.D. 2008); *Bates v. U.S.*, 517 F.Supp. 1350 (W.D.Mo. 1981). The Court finds that the standards set by § 245 constitute the most sound rule for the Virgin Islands, reflecting commonly understood legal principles that do not contradict Virgin Islands common law.

of its employees, Casimir and Jacobs, and VIWMA is entitled to judgment as a matter of law as to Count I — Assault and Battery.

## II. There are genuine issues of material fact that preclude the entry of summary judgment as to Count II of Plaintiff's Second Amended Complaint — Negligent Hiring, Retention, Training and Supervision.

 Defendant VIWMA seeks summary judgment on Count II of Plaintiff's Complaint that alleges "Negligent Hiring, Retention, Training and Supervision." To prevail on such a claim, Plaintiff must establish "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries." *Mala v. Marine Services Management*, 2009 U.S. Dist. LEXIS 61959 (D.V.I. 2009) (citing RESTATEMENT (THIRD) OF AGENCY § 7.05 and RESTATEMENT (SECOND) OF AGENCY § 213).

VIWMA argues that Casimir and Jacobs "were no longer VIWMA employees because their employment contract expired at 3:00 p.m. on July 30, 2010, *i.e.* before the assault and battery occurred." Motion, at 8. Plaintiff argues that these Defendants were still employed by VIWMA when the assault occurred during the return bus trip from Cramer Park, notwithstanding the fact that the 3:00 p.m. end of the work day hour had passed. A question of fact exists as to whether Casimir and Jacobs were still employees at the time of the alleged assault such that VIWMA had an affirmative duty of supervision.

 "A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." RESTATEMENT (SECOND) OF AGENCY § 220 (1958). Further, a servant is ". . . one who performs continuous service for another and who, as to his physical movements, is subject to the control or to the right to control of the other as to the manner of performing the service. The word indicates the closeness of the relation between the one giving and the one receiving the service . . . ." *Id.*, comment a.

 Whether Defendants Casimir and Jacobs were still employees of VIWMA when the incident occurred is an issue of material fact. Based on

the record, a jury could reasonably find that Defendants Casimir and Jacobs were still under the control of VIWMA, and thereby employees, at the time the incident occurred.

Even apart from the question of the continued employment of Casimir and Jacobs, the Cramer Park event was sponsored by VIWMA as part of the YES Program, including the bus ride home, and it was the duty of VIWMA to supervise and maintain the safety of minors who participated. An issue of fact exists as to whether VIWMA adequately performed its duty to Plaintiff and others.

> Additionally, all the minors, including plaintiff, were under the direct supervision and control of defendants. VIWMA association admits to hosting the event, to providing the minors with the bus in which the assault and battery occurred . . . . The evidence has been clearly established by the admission of defendant that the offending minors and plaintiff were employees of VIWMA. Again the party was being held by VIWMA for the benefit of these and other summer employees. Response, at 2-3.

██ The dispute between the parties is genuine as a reasonable trier of fact could return a verdict for the nonmoving party on the issue of whether VIWMA breached a duty to Plaintiff to properly supervise the activities of the participants in the bus ride home following the YES Program closing ceremony. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This is true without regard to whether or not Casimir and Jacobs remained employees of VIWMA at the time of the alleged assault.

Whether or not a trial jury were to find that an employment relationship continued in existence between VIWMA and Defendants Casimir and Jacobs at the time of the incident, the parties agree that Casimir and Jacobs were YES Program employees. It was on account of that relationship that the individual Defendants and Plaintiff interacted, and without that relationship the alleged assault and battery would not have occurred. Accordingly, a genuine issue of material fact is in dispute regarding whether VIWMA acted reasonably in hiring, retaining, training and supervising employees Defendants Casimir and Jacobs.

VIWMA states that its program director inquired of Department of Human Services counselors to Defendants Casimir and Jacobs to ascertain whether they were acceptable candidates for the YES Program. Motion, Exhibit 3. Although the counselors refused to divulge certain

information, they confirmed that Casimir and Jacobs were eligible candidates for the program. VIWMA contends that it met its burden to reasonably inquire whether Casimir and Jacobs were fit to be hired as employees, and that it is entitled to summary judgment on Plaintiffs negligent hiring claim.

Plaintiff responds that VIWMA should have performed a more thorough investigation into whether these two young men from YRC should have been allowed entry into the YES Program. Further, Plaintiff notes at least one prior specific instance of aggression by Defendant Casimir against Plaintiff of which VIWMA was or should have been aware, giving rise to the need to take corrective action or, at the least, to a heightened burden on VIWMA to control and supervise Casimir with regard to his interactions with Plaintiff.

 "Retention in employment of servants known to misconduct themselves" is evidence of employer liability. *Bell v. University of the Virgin Islands*, 45 V.I. at 413 (*citing Chase*, 38 V.I. at 420) (*quoting* RESTATEMENT (SECOND) OF TORTS § 317 comment c (1965). "Therefore, the master may subject himself to liability under the rule . . . by retaining in his employment servants who, to his knowledge, are in the habit of misconducting themselves in a manner dangerous to others." *Id.*

It is a question of fact for the jury and not a question of law for this Court to determine, on the facts and evidence in the record, whether Defendant VIWMA acted reasonably in hiring, training, retaining or supervising Defendants Casimir and Jacobs. Further, questions of fact remain as to the reasonableness of VIWMA actions in supervising the YES Program participants without regard to their employment status. As such, genuine issues of material fact remain unresolved and constrain the Court at this stage to deny entry of summary judgment in favor of Defendant VIWMA on Count II of Plaintiff's Complaint.

## III. Effect of Release Agreement.

Both parties virtually ignore the existence of and the effect of the Release Agreement executed by Plaintiff's custodial parent while he was a minor as a condition to his acceptance into the YES Program. VIWMA's cursory reference to the Release Agreement argues in a single sentence that it ". . . precludes liability," without explanation, factual analysis or case law support. Motion, at 7.

Plaintiff similarly fails to substantively address the existence and effect of the Release Agreement. He states that "We disagree" with VIWMA's assertion that the Release Agreement "precludes liability," apparently on the basis that "[o]nly persons who have attained the age of majority can execute a binding contract" and that "any document signed by Plaintiff while under the age of eighteen is none binging [*sic*, presumably 'nonbinding'] upon him." Response, at 5. Plaintiff ignores the fact that he, as an unemancipated minor, did not sign the Release Agreement, but that his mother, as his custodial parent obligated for his support (16 V.I. Code § 342(a)(2)), executed the Release Agreement on his behalf.

By the Release Agreement, Plaintiff's mother (the original Plaintiff in this action), personally and on behalf of Plaintiff agreed that "neither I nor my child will file a claim or law suit against VIWMA . . . except if the VIWMA is grossly negligent which negligence caused me or my child injury." Motion, Exhibit 6. Gross negligence of VIWMA is not alleged in Plaintiff's Complaint.

The issue of the effect, if any, of the Release Agreement upon the rights and obligations of the parties has not been briefed and is not addressed by this Order. To the extent that VIWMA seeks summary judgment based upon the Release Agreement, it shall supplement its Motion with appropriate citation to factual support in the record and legal authority. Based upon the present state of the record and the parties' presentations, the Court declines to rule on this issue largely ignored by the parties.

## CONCLUSION

There are no genuine issues of material fact that preclude entry of judgment as a matter of law dismissing with prejudice the Complaint against Defendant VIWMA as to Count I — Assault and Battery. In the light most favorable to the nonmoving party, Plaintiff's *respondeat superior* theory of liability fails because the tort of assault and battery is not expectable in view of the duties of Defendants Casimir and Jacobs as YES Program employees.

Genuine issues of material fact remain unresolved and prevent entry of judgment as a matter of law against VIWMA as to Count II — Negligent Hiring, Retention, Training and Supervision. The employment status of Casimir and Jacobs with VIWMA at the time of the incident, giving rise to a different standard of care for VIWMA, is a matter to be determined by a jury. Further, Defendant VIWMA's reasonableness in hiring Casimir

66

and Jacobs, and in supervising activities of the YES Program participants are unresolved questions of material fact to be determined by the trial jury.

The parties have failed to substantively address the issue of the effect, if any, of the Release Agreement on the liability of VIWMA, and no ruling is made in that regard.

In consideration of the foregoing, an Order will enter simultaneously with entry of this Memorandum Opinion granting Defendant VIWMA's Motion for Summary Judgment as to Count I of Plaintiff's Second Amended Complaint and denying without prejudice the Motion as to Count II, pending the parties' briefing of the issue of the effect of the Release Agreement on the liability of VIWMA.